```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
GEB SHIPPING CO. LTD.,
                    Plaintiff,      :   06 Civ. 07649 (TPG)
         - against -                :   **OPINION**
EMMSONS INTERNATIONAL LTD.          :
                    Defendant.      :
------------------------------------x
```

After its funds were attached while being transferred through a New York bank, defendant moved to vacate the attachment. That motion was denied, and defendant seeks leave to file an interlocutory appeal of that decision. The motion is denied.

## FACTS

Plaintiff GEB Shipping sought to attach funds as security for an arbitration award that GEB is attempting to confirm through litigation in India. In November 2006, plaintiff successfully restrained two electronic funds transfers ("EFTs") passing through Standard Chartered Bank in New York. The transfers were being made by Akila Trading, a customer of defendant Emmsons International, to Oriental Bank of Commerce, to satisfy obligations of Emmsons to Oriental Bank.

- 1 -

On March 7, 2007, defendant moved to vacate the attachment. This court, sitting in Part I,[1] denied the motion at oral argument on May 16, 2007. The motion for interlocutory appeal seeks certification of two questions: whether an EFT is attachable under Supplemental Rule B of the Federal Rules of Civil Procedure, and whether the funds payable to Oriental Bank are attachable in view of the nature of the bill of exchange providing for such payment.

## DISCUSSION

In its decision at oral argument, the court held that the EFTs were attachable when they passed through a New York bank. This decision was consistent with the Second Circuit's ruling in Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 278 (2d Cir. 2002), that "EFT funds in the hands of an intermediary bank may be attached" under Rule B. However, in Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 445 n.6 (2d Cir. 2006), a different Second Circuit panel commented that "Winter Storm seems open to question," without actually overruling Winter Storm. Nonetheless, most district courts continued to follow Winter Storm. In a decision just issued, the Second Circuit affirmed that Winter Storm is still good law and that EFTs are attachable under Rule B. Consub Del. LLC v. Schahin Engenharia Limitada, No. 07-0833-cv, 2008 WL 4304568, at *5 (2d Cir. Sept. 23, 2008). In light of

---

[1] This case was initially filed before Judge Casey on September 22, 2006. After Judge Casey passed away, the case was transferred to Judge McMahon. It was then transferred to this court's docket in May 2008.

- 2 -

the Second Circuit's decision in Consub, there is no basis for certifying an interlocutory appeal on the first of the two proposed issues.

Defendant also seeks to appeal the question of whether funds transferred pursuant to the bill of exchange are attachable under Rule B. The court's interlocutory order on this question was based on a mixed determination of fact and law. It is therefore not suitable for interlocutory review.

Defendant's motion is denied.


Dated: New York, New York
September 25, 2008

SO ORDERED

Thomas P. Griesa
U.S.D.J.